```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WALLESCA PENZ,                                                :
                    Plaintiff,                                :
v.                                                            :      **OPINION AND ORDER**
                                                              :
AL WASHER and STATE OF NEW                                    :      18 CV 4964 (VB)
YORK,                                                         :
                    Defendants.                               :
--------------------------------------------------------------x
```

Briccetti, J.:

    Plaintiff Wallesca Penz brings claims against Lieutenant Al Washer for discrimination and retaliation under 42 U.S.C. § 1983, and against the State of New York (the "State") for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), in connection with her employment as a correction officer at Fishkill Correctional Facility ("Fishkill").

    Before the Court is the State's motion to dismiss the second amended complaint ("SAC") pursuant to Rule 12(b)(6). (Doc. #36).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of deciding the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the SAC and draws all reasonable inferences in plaintiff's favor, as set forth below.

    Plaintiff has worked as a correction officer for the New York State Department of Corrections and Community Supervision ("DOCCS") since 2006. At some point, plaintiff was assigned to work at Fishkill and live in state-provided temporary housing. Lt. Washer, her supervisor, was assigned to work at Fishkill in January 2013. His temporary housing assignment

1

was located across the hall.  Since then, plaintiff alleges Lt. Washer repeatedly made sexually suggestive and offensive comments to plaintiff.  For instance, plaintiff alleges that on February 14, 2014, she asked Lt. Washer to approve her taking off her third shift after working two consecutive shifts.  Lt. Washer allegedly told her she could leave "only if you're going to stay in my room and I will meet you there."  (Doc. #28 "SAC" ¶ 22).  When plaintiff refused, he added, "If you don't, trust me, you will regret it."  (Id. ¶ 23).  In another example, plaintiff alleges on May 22, 2015, she returned to her room and found Lt. Washer painting the walls pink.  Plaintiff claims Washer told her, "You need to figure out who I am real quick.  I went and got the master key."  (Id. ¶ 37).

After these incidents as well as several others, plaintiff claims she filed grievances with her union and Fishkill's superintendent and filed a complaint with the DOCCS Office of Diversity Management.  Allegedly in retaliation for filing grievances and complaints, Lt. Washer prevented plaintiff from receiving training opportunities and from taking leave.

Lt. Washer's alleged conduct, however, is not at issue in the instant motion.  Plaintiff also brings a Title VII retaliation claim against the State in connection with Lt. Washer's actions. Plaintiff alleges the State, as her employer, retaliated against her by continually denying her training opportunities after she complained about Lt. Washer's conduct.  Plaintiff argues that because she is employed by DOCCS and DOCCS is an arm of the State, the State is her employer and therefore is liable under Title VII.

**DISCUSSION**

I. <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in <u>Ashcroft</u>

v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.  Plaintiff's Retaliation Claim Against the State

The State argues that because plaintiff does not plausibly allege that the State is plaintiff's employer, plaintiff's sole claim against the State fails.

The Court agrees.

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). However, Title VII's definitions of employer and employee are not "particularly helpful in deciding whether an employment relationship exists." Id. at 371; see 42 U.S.C. § 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

3

calendar year, and any agent of such a person."). In assessing whether an employment relationship exists, the Second Circuit looks to "traditional indicators of employment under the common law of agency," including whether the alleged employer exercised "direct, obvious, and concrete" control over the plaintiff's day-to-day activities. Gulino v. N.Y. State Educ. Dep't, 460 F.3d at 379.

At the motion to dismiss stage, a plaintiff bringing a Title VII claim must allege sufficient facts to suggest an employment relationship. La Martina v. Fischer, 2013 WL 1682603, at *3 (W.D.N.Y. Mar. 19, 2013), report and recommendation adopted, 2013 WL 1681492 (W.D.N.Y. Apr. 17, 2013). For instance, in La Martina v. Fischer, the court found the plaintiff, a correction officer employed by DOCCS, did not plausibly allege the State was also her employer for purposes of a gender-based Title VII discrimination claim. Id. at *4. Indeed, plaintiff did not allege any indicia of employment, including the State's involvement in collective bargaining, payment of wages, or hiring and firing. Id.

Here, plaintiff fails to allege the State acted as her employer. In the SAC, plaintiff claims the State "acting through one of its departments, DOCCS, employs Plaintiff." (SAC ¶ 3). There are no facts to support this conclusory assertion, including, for instance, whether the State hired plaintiff, paid her wages, or—most importantly—exercised direct, obvious, and concrete control over plaintiff's day-to-day activities.[1]

---

[1] Plaintiff belatedly argues in her opposition that the State was her employer because it appointed the DOCCS commissioner, funded the DOCCS budget, and paid plaintiff's salary. Those allegations were not made in the SAC, and therefore will not be considered for purposes of the motion to dismiss. See, e.g., Dolan v. Soft Drink & Brewery Workers Union, 2018 WL 1940428, at *4 (S.D.N.Y. Apr. 23, 2018) (collecting cases).

4

Relying on Rock v. Blaine, plaintiff argues the State's motion to dismiss is premature at this early stage of the case. 2015 WL 3795886, at *3 (N.D.N.Y. June 17, 2015). The plaintiff in Rock v. Blaine, however, alleged the State paid her salary, supervised her employment benefits and civil service status, and signed the collective bargaining with plaintiff's union. Id. Plaintiff alleges no such facts here.[2]

Therefore, plaintiff fails to allege the State is her employer, and accordingly, her Title VII claim against the State is dismissed.

## CONCLUSION

The State's motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #36) and terminate defendant State of New York.

Dated: April 29, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] Even if the Court were to find plaintiff plausibly alleged the State acted as her employer, it is not clear the State is a proper defendant in Title VII actions brought by DOCCS employees. No court has expressly stated as much, and other courts have found the State is not a proper defendant in suits brought by employees of other state agencies. See La Martina v. Fischer, 2013 WL 1682603, at *3 (collecting cases); see also Easterling v. Connecticut, 783 F. Supp. 2d 323, 334 (D. Conn. 2011) ("Although the [Connecticut Department of Correction], the State Police, and the Department of Public Safety are all part of the Connecticut state government, each agency is responsible for its own hiring and fairly characterized as a separate 'employer' and 'respondent,' as those terms are defined in Title VII.").